## The Pennsylvania State Agricultural Society, to the use of J. Schall Wilhelm, Appellant, *v.* Edmund B. Jermyn.

*Contract—Affidavit of defense—Settlement of account.*

Plaintiff, an agricultural society, and another society of which defendant was treasurer, agreed to hold a joint fair. The contract provided that "during the holding of the fair the party of the first part (plaintiff) at its option, may have its treasurer with his two assistants, assisting the treasurer and his assistants of the party of the second part . . . . and the books of the said fair shall be open for inspection by the secretary and treasurer of the party of the first part, at every and all times from the opening of the fair to the final settlement of the accounts between the parties hereto, and the payment of whatever sum may be due hereunder to the party of the first part." In an action by the plaintiff against the treasurer of the other society to recover half the net proceeds of the fair, defendant filed an affidavit of defense in which he averred that there had never been a settlement of accounts between the two societies; that he was not a party to the contract; that he was not treasurer of the plaintiff; that he had received the moneys as treasurer of his own society, and had paid them out in accordance with the rules of, and as directed by, that society. *Held*, that a rule for judgment for want of a sufficient affidavit of defense was properly discharged.

Argued March 1, 1895. Appeal, No. 279, Jan. T., 1895, by plaintiff from order of C. P. Lackawanna Co., April T., 1893, No. 141, discharging rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM and MITCHELL, JJ. Affirmed.

Assumpsit for moneys had and received for the use of plaintiff.

From the record it appeared that on June 11, 1892, the Pennsylvania State Agricultural Society, plaintiff, and the Lackawanna County Agricultural Society, both corporations of Pennsylvania, entered into a written agreement to hold a joint fair and agricultural exhibition on the ground of the Lackawanna Society in the city of Scranton from September 5th to 12th, 1892, to be called the "Pennsylvania State and Lackawanna County Fair and Agricultural Exhibition." The contract provided, inter alia, as follows :

" That during the holding of the fair the party of the first part, at its option, may have its treasurer, with his two assistants, assisting the treasurer and his assistants of the party of the second part; and the secretary of the party of the first part, and his two assistants, acting with the secretary and his two assistants, of the party of the second part; and the books of the said fair shall be open for inspection by the secretary and treasurer of the party of the first part, at every and all times from the opening of the fair to the final settlement of the accounts between the parties hereto, and the payment of whatever sum may be due hereunder to the party of the first part. . . . .

" Whenever it can be reasonably ascertained, during the holding of the fair, that the cash receipts actually in the hands of the treasurer of the party of the second part are sufficient to pay all expenditures incurred, including the payment of premiums; at the request of the party of the first part, at the close of each day, the cash receipts shall be divided daily, each party taking and receiving one half part thereof, as nearly as can be conveniently made."

The material portions of the affidavit of defense were as follows :

" I was treasurer of the Lackawanna County Agricultural Society during all the time covered by the plaintiff's statement. I received during this time from all sources $15,278.12, and paid out to the close of my term of office on vouchers of the Lackawanna County Agricultural Society $15,105.24, and turned over to my successor at the expiration of my office $172.80. A detailed statement of the various items of receipt, showing

source of receipt, and also of disbursement is hereto appended, and made part hereof. I received no other moneys during the time specified, as treasurer or through my office of treasurer of the Lackawanna Agricultural Society than set forth in said statement.

"I am not a party to the agreement entered into between the Lackawanna County Agricultural Society and the Pennsylvania State Agricultural Society, the basis of the suit in this case, and to the best of my recollection never saw the contract or any copy thereof until after suit brought. I know in a general way that a contract was in existence between the two societies, but was not advised of its details. Neither was I advised, nor did I consent to take upon myself new or additional duties. . . . During the time covered by complainant's statement I acted as treasurer of the Lackawanna Society in the same manner as I had theretofore acted, received moneys that the said Lackawanna Society should receive, and paid the same out on orders signed by its president and secretary. . . .

"The rules of the Lackawanna Society authorized me to pay out the funds of the society only on the joint order of the president and secretary of said society. . . .

"There has no action or suit at law been brought by the State Society against the Agricultural Society to determine the amount, if any, due the State Society, under whom the plaintiff in this action claims, from the Lackawanna Society, and I am not advised or have any knowledge of any settlement between the two societies other than that herein stated.

"I did not receive any funds as the joint treasurer of the two societies, nor does the agreement, the basis of the action in this case, provide that they should be so secured and held, but on the contrary provides that the receipts should be held by the Lackawanna Society, by its treasurer, and that after the due adjustment of accounts the Lackawanna Society should pay over the amount to the said State Society, and the funds received by me were received and held as treasurer of the Lackawanna Society."

The court discharged a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*F. L. Hitchcock* and *C. H. Bergner, Thomas F. Wells* with them, for appellant, cited: Wharton on Agency, 37, pl. 60; 1 Parsons on Contracts, 48; 2 Bouvier, 616; Fahnestock's App., 104 Pa. 52; Aycinena v. Peries, 6 W. & S. 243; Hoopes v. Scott, 2 Chest, 40. Steelman v. Doughty, 5 W. N. C. 166; Brookes App., 109 Pa. 188; Frishard's Est., 13 L. Bar. 96; Black v. Halstead, 39 Pa. 64; Endlich on Affidavits of Defense, sec. 358, p. 302; Woods v. Watkins, 40 Pa. 458; Shelden v. Neemes, 43 Pa. 421.

*J. Alton Davis,* for appellee, was not heard, but cited in his printed brief: Lusk v. Garrett, 6 W. & S. 89; Duncan v. Bell, Johnson, Jack & Co., 28 Pa. 516.

PER CURIAM, April 8, 1895:

The only question in this case is whether the affidavit of defense is sufficient to carry the case to the jury. The court below held that it was; and in that, we think there was no error. There is nothing in the case that requires further comment.

Appeal dismissed at plaintiff's costs, but without prejudice, etc.